UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTER'S DISTRICT COUNSEL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07CV02090 ERW |
| C. & J. Howard Construction, LLC, | ) ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment [doc. #12].

**I.    PROCEDURAL BACKGROUND**

This action was bought by the Carpenter's District Counsel of Greater St. Louis ("District Counsel"), the members of the joint board of trustees of the Carpenters' Pension Trust Fund of St. Louis, the members of the joint board of trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis, the members of the joint board of trustees of the Carpenters' Vacation Trust Fund of St. Louis and the members of the joint board of trustees of the Carpenters' Joint Training Fund of St. Louis (collectively, "Plaintiffs"). This action was brought against C. & J. Howard Construction, LLC ("Defendant") to collect delinquent fringe benefit contributions pursuant to Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132.

## II. BACKGROUND FACTS[1]

Plaintiffs state that Defendant is party to a collective bargaining agreement with the District Counsel, and that this agreement requires payment of fringe benefit contributions through the purchase of fringe benefit stamps. The collective bargaining agreement requires the payment of 20% liquidated damages on delinquent contributions, and require that a delinquent employer pay Plaintiffs' attorneys' fees and court costs.

The collective bargaining agreement authorizes Plaintiffs to audit Defendant's records. Plaintiffs audited Defendant's payroll records for the period of May 1, 2006 through March 4, 2008. The audit revealed that Defendant had failed to purchase the required fringe benefit stamps and determined that Defendant owes $47,574.96 in contributions. Plaintiffs also state that Defendant owes $9,514.99 in liquidated damages, $1,074.50 in legal fees and $414.16 in court costs.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

---

[1] The Court's recitation of the facts is taken from Plaintiff's Statement of Undisputed Facts [doc. #14].

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

### III. DISCUSSION

In response to Plaintiffs' Motion for Summary Judgment, Defendant states that "it disagrees with the amount of $58,578.61 claimed by Plaintiff, [but] it does not dispute that a certain amount of money is owed by Defendant . . . [and] does not intend to make any formal response to [the Motion]." As discussed above, the initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated*

3

*Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Plaintiffs have satisfied this burden, and the facts they have introduce demonstrate that they are entitled to judgment in their favor.

As a result, the burden shifts to Defendant, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991). Defendant's broad and unsubstantiated assertion that Plaintiffs are not entitled to this sum does not demonstrate the existence of any genuine dispute regarding these facts. Defendant has failed to introduce facts showing that there is sufficient evidence to enable a jury to return a verdict in its favor. *See Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334.[2] As such, Plaintiffs' Motion for Summary Judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [doc. #12] is **GRANTED.** Judgment will be entered against Defendant and in favor of Plaintiffs in the amount of $58,578.61, constituting of $47,574.96 in contributions, $9,514.99 in liquidated damages, $1,074.50 in legal fees and $414.16 in court costs.

Dated this 31st day of December, 2008.

                                                    E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, the Court notes that the Local Rules specifically require "specific references to portions of the record, where available, upon which the opposing party relies." Local Rule 7-4.01(E). Defendant has not cited to the record. The Eighth Circuit has held that a district court does not abuse its discretion when it deems admitted those statements of undisputed facts that violate the local rules. *See Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1033 (8th Cir. 2007).